# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **ELDRIQUEZ LEETREZ SILAS, a/k/a NATHANIEL TYLER** | Case No. 7:20-CR-2 (HL) |

### ORDER

Before the Court is Defendant Eldriquez Leetrez Silas, a/k/a Nathaniel Tyler's Motion to Dismiss Indictment Due to Speedy Trial Violation. (Doc. 19). Defendant contends that a delay in commencing trial following his indictment violated his statutory rights under the Speedy Trial Act, 18 U.S.C. § 3161, and that, consequently, the Court should dismiss the indictment with prejudice. Defendant further argues that the indictment should be dismissed because the delay violated his right to a speedy trial under the Sixth Amendment. The Government concedes that there has been a timing violation and that dismissal of the indictment is appropriate. However, the Government advocates for a without prejudice dismissal.

The parties appeared before the Court for a hearing via Zoom videoconferencing on September 29, 2020. Upon consideration of the record and the parties' arguments, the Court **GRANTS** Defendant's Motion to Dismiss Indictment without prejudice.

**I.     PROCEDURAL BACKGROUND**

On August 13, 2019, a grand jury returned a single count indictment charging Defendant with possession of a firearm by a convicted felon. The indictment alleged that on or about November 15, 2018, Defendant, who was aware of his status as a convicted felon, knowingly possessed a semiautomatic firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). According to the Government, Defendant was arrested for a parole violation after he passed officers with activated emergency lights and subsequently hit a tree. Law enforcement officers retrieved the firearm from the waistband of Defendant's pants incident to his arrest. Attached to the indictment was a Notice of Qualifying Conviction under 18 U.S.C. § 924(e). The notice outlined three qualifying convictions under Armed Career Criminal Act. The notice further explained that, should the Court determine that the sentencing enhancement applies, Defendant faced a mandatory minimum sentence of fifteen years imprisonment up to a maximum sentence of life imprisonment.

Defendant made his initial appearance and was arraigned on September 18, 2019. Ordinarily, Defendant's case would have appeared on the Court's October 2019 trial calendar. However, the Court cancelled the October trial term due to circumstances beyond the Court's control. The Court notified the parties on December 9, 2019, that the case instead would be placed on the Court's trial

calendar beginning January 27, 2020. Upon receiving the Notice of Pretrial Conference, the Government realized its error in not making an earlier request to continue the case and to exclude any delay in commencing trial from the computation of time under the Speedy Trial Act. Acknowledging that the seventy-day period for beginning trial required under the Act expired on November 27, 2019, the Government contacted counsel for Defendant. Defense counsel stated his intention to file a motion to dismiss pursuant to the Speedy Trial Act. The parties then began plea negotiations, which ultimately were unsuccessful. On December 27, 2019, Defendant still had not filed a motion to dismiss. To avoid further delay, the Government filed its own motion to dismiss the indictment without prejudice pursuant to 18 U.S.C. § 3162(a)(2). The Court granted the Government's motion on January 2, 2020.[1]

The grand jury returned a second indictment against Defendant on January 14, 2020, charging him with the same firearm offense. Defendant made his first appearance and was arraigned on the new indictment on January 28, 2020. On March 16, 2020, the Court entered its first COVID-19 Public Health & Safety Order, suspending all jury trials and finding that any period of delay shall be excluded under the Speedy Trial Act. The temporary moratorium has been

---

[1] Defendant argues that the Court erred in dismissing the original indictment without prejudice. However, Defendant did not assert any objection to the dismissal until he filed the present motion.

extended through January 3, 2021. On July 16, 2020, Defendant filed his Motion to Dismiss the Indictment for a violation of the Speedy Trial Act.

## II.   DISCUSSION

### A.   Speedy Trial Act

The Speedy Trial Act provides that:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within the seventy-day period, then the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). When a defendant moves to dismiss an indictment and a new indictment is filed charging the defendant with the same offense, any previous period of delay is extinguished, and the speedy trial clock is reset. 18 U.S.C. § 3161(d)(1). The same principle does not apply when the government moves to dismiss an indictment. See United States v. Young, 528 F.3d 1294, 1296 (11th Cir. 2008) (holding that "the dismissal of an original indictment followed by the filing of a new indictment [does not] reset[ ] the speedy-trial clock"). When a new indictment is filed following dismissal by the government, only the "period of delay from the date the charge was dismissed to the date the

time limitation would commence to run as to the subsequent charge had there been no previous charge" is excludable. 18 U.S.C. § 3161(h)(5).

Here, neither the Government nor Defendant realized the distinction between a dismissal initiated by a defendant versus the Government. Until Defendant filed the present motion, both parties were operating under the assumption that the speedy trial clock reset upon the filing of the new indictment. Nevertheless, the parties do not dispute that more than seventy non-excludable days have passed. According to the Court's calculations, there were 100 non-excludable days between the date of Defendant's original first appearance on September 18, 2019 and the Government's motion to dismiss on December 27, 2019. Then, another forty-eight days passed between the date of Defendant's initial appearance on the second indictment on January 28, 2020 and the entry of the Court's emergency order on March 16, 2020. Thus, the sole question before the Court is whether this violation of the Speedy Trial Act warrants dismissal with or without prejudice.

When a court determines that a violation of the Speedy Trial Act has occurred, dismissal may be with or without prejudice. See 18 U.S.C. § 3162(a)(1). "[N]either remedy is preferred; the proper dismissal sanction to be imposed in each case is a matter left to the exercise of the sound discretion of the trial judge after consideration of the factors enumerated in the statute." United

States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984). The Act sets forth three factors for a court to consider in deciding whether a dismissal should be with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and the administration of justice. See 18 U.S.C. § 3162(a)(1).

Defendant argues that the seriousness of the offense with which he was charged weighs in favor of a dismissal with prejudice because there is no evidence that the firearm was used to a commit a crime and because Defendant does not have a history of violence. The Court is not persuaded. The indictment alleges that Defendant, a convicted felon, knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). "[P]ossession of a firearm by a convicted felon is a serious crime." United States v. Mays, 424 F. App'x 830, 832 (11th Cir. 2011) (citing United States v. Jones, 601 F.3d 1247, 1257 (11th Cir. 2010) (holding that a similarly charge, possession of ammunition by a convicted felon, is a serious offense)). The offense of possession of a firearm by a convicted felon carries a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). However, the indictment here alleges that Defendant committed three prior offenses, subjecting him to the higher statutory penalties imposed by the Armed Career Criminal Act. 18 U.S.C. § 922(e). Consequently, if convicted, Defendant

faces a mandatory minimum sentence of not less than fifteen years imprisonment up to a maximum sentence of life imprisonment. Id. The Court concludes that the statutory mandatory minimum sentence adequately reflects the seriousness of Defendant's offense. See United States v. Knight, 562 F.3d 1314, 1323 (11th Cir. 2009) (finding that the district court correctly determined that a statutory minimum sentence of ten years of imprisonment reflected the serious of the offense).

Next, the circumstances leading to Defendant filing this motion to dismiss illustrate that there is no evidence that the Government intentionally delayed bringing Defendant to trial. It was the Government's responsibility to manage its case and to file an appropriate motion to continue trial of this matter when the October trial term was cancelled. The Government neglected this responsibility. Still, the Government did take steps to address the speedy trial issue with defense counsel shortly after discovering that the clock had expired. Even though Defendant mentioned to the Government his intention to file a motion to dismiss for violation of the speedy trial clock in early December, Defendant never filed a motion and instead engaged in plea negotiations. As soon as the Government determined that the parties could not reach a plea agreement, the Government filed its motion to dismiss the indictment. The Government erroneously believed

7

that doing so would reset the speedy trial clock.[2] The Government's strategy to dismiss the original indictment and to pursue a second indictment, although unsupported by law, demonstrates a lack of intent by the Government to delay trial. The Court granted the Government's motion to dismiss the indictment on January 2, 2020. The Court presented the case to the grand jury at the next available opportunity just twelve days later. Defendant made his first appearance and was arraigned on January 28, 2020. There is no evidence that the Government engaged in any course of conduct to further delay trial between that time and entry of the Court's emergency order, which stayed all proceedings.

Finally, the Court considers the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. Defendant has not identified any specific prejudice impacting his defense or his ability to prepare for trial. Rather, he asserts summarily that permitting "the [G]overnment to circumvent 18 U.S.C. § 3161 by dismissing cases after the 70-day speedy trial period has elapsed and subsequently re-indicting the same case without consequence, thereby making those requirements moot" sets a "dangerous precedent." (Doc. 19, p. 9). The Court agrees that the Government erred by not properly managing its case. But the Court cannot agree with

---

[2] Defendant concedes that he, too, mistakenly believed that the Government's motion reset the speedy trial clock. Some time passed before Defendant learned the distinction between a motion to dismiss filed by the Government versus a motion filed by a Defendant.

8

Defendant that the Government's conduct amounts to a level of gamesmanship intended to circumvent the requirements of the Speedy Trial Act. Again, while the Government was careless in prosecuting this case, the Government's ultimate motive was to move this case forward, not cause further delay. Accordingly, weighing the statutory factors, the Court finds that dismissal of the indictment against Defendant without prejudice is the appropriate remedy under the particular circumstances presented in this case.

**B.    Sixth Amendment**

Defendant additionally argues that the Government's delay in moving his case to trial violated his rights under the Sixth Amendment. The Sixth Amendment guarantees that, "[i]n all criminal proceedings, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "Because of the unique policies underlying this right, a court must set aside any judgment of conviction, vacate any sentence imposed, and dismiss the indictment if it finds a violation of the defendant's right to a speedy trial." United States v. Villarreal, 613 F.3d 1344, 1349 (11th Cir. 2010) (citing Strunk v. United States, 412 U.S. 434, 440 (1973)). To determine whether a defendant has been deprived of his right to a speedy trial, the court should consider (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) the prejudice to defendant. See Doggett v. United States, 505 U.S. 647, 651

(1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). The right to a speedy trial is "amorphous," "slippery," and "necessarily relative." Barker, 407 U.S. at 522 (internal quotation marks and citation omitted). It is "consistent with delays and depend[ent] upon circumstances." Id. (internal quotation marks and citation omitted).

### a.     Length of Delay

"The first factor serves a triggering function; unless some 'presumptively prejudicial' period of delay occurred, we need not conduct the remainder of the analysis." United States v. Register, 182 F.3d 820, 827 (11th Cir. 1999) (citation omitted). To satisfy this threshold inquiry, the defendant "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." United States v. Ingram, 446 F.3d 1332, 1336 (11th Cir. 2006). "If, and only if, the defendant satisfies this threshold inquiry will [the court] proceed to address the remaining three factors of the Barker balancing test." Villarreal, 613 F.3d at 1350.

A delay becomes "presumptively prejudicial" as it approaches one year. United States v. Schlei, 122 F.3d 944, 987 (11th Cir. 1997). "The longer the pretrial delay extended beyond the 'bare minimum' necessary to show presumptive prejudice, the stronger the presumption that the pretrial delay prejudiced the defendant." Villarreal, 613 F.3d at 1350. The length of the pretrial

delay is calculated by examining "the time that elapsed between when the Sixth Amendment right attached until trial (or, until the pretrial motion to dismiss on this ground is determined)." Id. (quoting 5 Wayne R. LaFave, et al., Criminal Procedure § 18.2(b) (3d ed. Thompson/West 2007)).

Here, Defendant argues that his speedy trial right attached when the grand jury returned the original indictment on August 13, 2019. Thus, the delay is "presumptively prejudicial" because more than a year has passed since the original indictment. Defendant's reliance on the date of his original indictment is misplaced. Once the Court dismissed the indictment, "[t]he Sixth Amendment speedy trial guarantee was no longer effective for [Defendant's] original indictment." United States v. McDaniel, 631 F.3d 1204, 1209 n.2 (11th Cir. 2011) (citing United States v. McDonald, 456 U.S. 1, 7, 8-9 (1982) ("Although delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment, . . . no Sixth Amendment right to a speedy trial arises until charges are pending.") (citation omitted)).

The delay in this case thus is approximately ten months. Because a ten-month delay is not "presumptively prejudicial," the Court need not assess the remaining three Barker factors. Even if the delay was "presumptively prejudicial," the Court concludes that Defendant has not adequately addressed the other factors to establish that his constitutional right to a speedy trial was violated.

11

### b. Reason for Delay

"A defendant has no duty to bring himself to trial." Barker, 407 U.S. at 527. That responsibility lies with the Government. Id. "Because the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner . . . the burden is on the prosecution to explain the cause of the pre-trial delay." Ingram, 446 F.3d at 1337 (quoting United States v. Brown, 169 F.3d 344, 349 (6th Cir. 1999)). Different weight is allocated to different reasons for delay:

> (1) [a] deliberate attempt to delay the trial in order to hamper the defense [is] weighted heavily against the government; (2) [a] more neutral reason such as negligence or overcrowded courts [is] weighted less heavily [against the government] but nevertheless [is] considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant; and (3) a valid reason, such as a missing witness, . . . serve[s] to justify appropriate delay.

Villarreal, 613 F.3d at 1351 (quoting Barker, 407 U.S. at 531) (alterations in original).

Sixty days passed between the date of the second indictment on January 14, 2020, and when the Court entered its first COVID-19 Public Health Safety Order on March 16, 2020, suspending all jury trials. There is no evidence that the Government engaged in any conduct during that brief period to cause any delay. On October 8, 2020, the Court again extended the trial moratorium through January 3, 2021. (Doc. 26). Absent compelling circumstances, this case will not

12

proceed to trial before that date. These unprecedented circumstances cannot be attributed to either party.

### c. Assertion of Speedy Trial Right

Generally, a defendant's assertion of his speedy trial right is "entitled to strong evidentiary weight in determining whether a defendant is being deprived of the right." Barker, 407 U.S. at 531-32. "This is so because a timely demand for a speedy trial often supports an inference that the defendant was not at fault for the delay and that the delay prejudiced the defendant." Villarreal, 613 F.3d at 1354 (citing Barker, 407 U.S. at 531). The weight attached to a defendant's assertion of his speedy trial right differs with the circumstances of his demand. Id.

It was not until July 2020, seven months after the Government filed the new indictment, that Defendant asserted his speedy trial rights. While it was the Government's responsibility to try this case in a timely fashion, to the extent that Defendant wished to enforce his right to a speedy trial, it was his responsibility to raise the matter with the Court. Nevertheless, Defendant filed his motion during the effective period of the Court's emergency order halting all jury trials. The Court, thus, cannot say that the timing of Defendant's motion contributed to any additional delay. Nor under these circumstances can the Court find that Defendant was prejudiced by the delay.

### d. Prejudice

The final factor involves an examination of the extent to which Defendant suffered actual prejudice from the delay. Where, as here, the first three factors do not weigh heavily against the Government, Defendant must demonstrate actual prejudice to prevail on his speedy trial claim. See United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003). "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." Barker, 407 U.S. at 532. These interests include (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) impairment of the ability to prepare a defense. Id. "Of these, the most serious is the last, because the inability of a defendant to adequately prepare his case skews the fairness of the entire system." Id.

Defendant's prejudice argument primarily focuses on the memories of any potential witnesses in this case. He states that both he and "any potential witnesses cannot be expected to recall events with the same clarity two years after an event as they would 70 days or so after an event" and that the "reliability of their memory and their ability to recall the events in question is considerably diminished in that span of time." (Doc. 19, p 8). It is true that nearly two years have passed since Defendant's arrest. But the facts of this case are not complex,

and the underlying incident was video recorded and reduced to writing, thereby alleviating most concerns of waning memories.

Defendant also argues that he has been prejudiced by his pretrial incarceration. Defendant states that his continued detention prevents him from working and providing for his family, creating a significant mental and economic burden. As the Government notes, though, at least part of Defendant's detention was spent serving an existing state sentence. Defendant's generalized argument otherwise does not support a finding of any specific prejudice suffered by Defendant resulting from a delay of trial. Therefore, this factor weighs heavily against Defendant.

### d. Speedy Trial Conclusion

On balance, the Court concludes that the Government has not deprived Defendant of his right to a speedy trial under the Sixth Amendment. Even if the delay in this case met the "presumptively prejudicial" threshold, the evidence does not support a finding that the negligence of the Government caused the delay. Nor has Defendant met his burden to demonstrate actual prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Indictment Due to Speedy Trial Violation (Doc. 19). The indictment is **DISMISSED without prejudice**.

**SO ORDERED** this 9th day of October, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks